632

*H. W. Nelson,* for plaintiff in error.
*R. L. Tipton, C. E. Jackson,* contra.

20635. COUNCIL *et al. v.* FREEMAN.

JENKINS, P. J. 1. Under article 7, § 13, of the banking act approved August 16, 1919 (Ga. L. 1919, p. 158; Park's Code Supp. 1922, § 2268 (m) ), it is the duty of the superintendent of banks, on taking possession of the assets and business of any bank, to call upon all persons who may have claims against the bank to present them to the superintendent and make sworn proof thereof, filing the same with the superintendent at the office of the bank within any time specified by the notice, not less than ninety days from the date of the first publication of such notice. In case the superintendent rejects any claim filed, suit may be brought thereon against the bank, in the proper court of the county in which the bank is located, within 90 days after the service of notice of rejection by the superintendent, as provided by article 7, § 15, of the banking act, as amended by the act of August 25, 1927 (Ga. L. 1927, p. 198; Park's Code Supp. 1928, § 2268 (o) ). Claims not filed within the time prescribed may be thereafter filed, within twelve months after the expiration of the date fixed by the superintendent for the presentation of claims, and if so filed, the holder may share in the distribution of assets then in the hands of the superintendent undistributed. Ga. L. 1919, p. 159; Ga. L. 1925, pp. 119, 128; Park's Code Supp. 1926, § 2268 (r). A claim allowed may be objected to by any party interested, by written objections filed with the superintendent, in which event the superintendent shall present the objections to the superior court of the county in which the bank is located, where an issue shall be made up thereon and tried at the first term of court thereafter. Thus, the filing and allowance of a claim against a defunct bank amounts to a mere prima facie determination of the right of the claimant to participate in the distribution of the assets of the bank in accordance with the priorities fixed by law. Such proof and allowance does not extinguish the obligation which forms the basis of the claim.

2. Under the foregoing ruling, the proof and allowance of a claim against a defunct bank, presented to the superintendent of banks by the holder of a negotiable certificate of deposit issued by the bank, did not work a novation of the contract between the bank and the depositor so as to release persons who had indorsed the certificate of deposit as sureties thereon; nor did the proof and allowance of the claim operate to increase the risk of the sureties and release them.

3. The court properly overruled the demurrer to the suit against the indorsers on such time-certificate of deposit, which set forth the proof and allowance of the plaintiff's claim against the defunct bank, and properly sustained the motion to strike the unsworn plea of the de-

fendant indorsers, which set forth as a defense that the certificate of deposit sued upon was issued in renewal of another certificate of deposit, and that the indorsement of the defendants was therefore without consideration.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 13, 1931.

*W. T. Lane, R. L. Maynard,* for plaintiffs in error.
*Ellis, Webb & Ellis,* contra.